I concur with the decision to reverse the lower court's decision in this case and remand this case for further proceedings.
While appellants had received information in September, 1994, that fill material had been placed on the property, this information, standing alone, did not provide appellants with evidence of improper concealment or false misrepresentation by appellees. Appellants had no obligation to immediately spend more than $80,000 to determine that they had been defrauded. Appellants were not put on notice of such actionable conduct by appellees until engineer Esser informed appellants in June, 1995, of the subterrain condition and the foundation repairs that were not readily visible at the time of acquisition. Engineer Esser's June, 1995 report is the first time that appellees were alerted to the possible fraud by appellants in the sale of the home. The statute of limitations began to run in June, 1995. Therefore, appellants' complaint was timely filed.
Furthermore, summary judgment based upon genuine divergent views of the discovery date for a fraud claim is disfavored. Daniels v. Natl. Emp.Benefit Services, Inc. (N.D.Ohio. 1994), 858 F. Supp. 684.
For these reasons, I concur that this matter should be reversed and remanded for further proceedings.